UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>TERESA J. MOORE,<br><br>       Debtor. | Case No. 10-00771<br>Chapter 7 |
| TERESA J. MOORE,<br><br>       Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT<br>OWNERS OF THE WINDSOR, et al,<br><br>       Defendants. | Adv. Pro. No. 10-90154<br><br><br><br>Re: Docket No. 82 |

## MEMORANDUM OF DECISION ON
## MOTIONS HEARD ON FEBRUARY 14, 2012

In this adversary proceeding, plaintiff Teresa J. Moore seeks damages from defendant The Association of Apartment Owners of the Windsor (the "AOAO") for alleged violations of the automatic stay.

The case should be relatively simple. The allegations of the first amended complaint (ignoring extraneous matter) are straightforward and in large part

undisputed.

Ms. Moore and her husband live (at least part time) in a condominium unit at the Windsor. Ms. Moore, however, did not originally own the condominium; her mother, Pacita Herschelman, held title.

Ms. Herschelman died on January 21, 2009. Ms. Moore commenced a probate proceeding for her mother's estate on March 19, 2009. She contends that she is entitled to receive a one-half interest in the property from the probate estate, but that distribution has apparently not yet occurred.

The AOAO alleges that the common area fees for the condominium were not paid. On or about December 18, 2009, the AOAO disconnected the garage door opener and cable television service for the unit which Ms. Moore and her husband occupied. Ms. Moore then named the AOAO as a defendant in a pending suit in the United States District Court. The District Court dismissed that case on March 15, 2010, holding that Ms. Moore lacked standing.

On March 18, 2010, Ms. Moore filed a bankruptcy petition in this court.

On March 20, 2010, the clerk of court mailed notice of Ms. Moore's bankruptcy to the AOAO at the address which Ms. Moore provided. The record does not indicate when the AOAO received that notice.

Also on March 20, 2010, the AOAO mailed to Ms. Moore a notice of

2

nonjudicial foreclosure on the condominium unit. On April 4, 2010, the AOAO personally served Ms. Moore with the foreclosure notice. The AOAO later retracted that notice, although the record does not reveal exactly when that was done.

At about the same time, the AOAO placed parking violation notices on vehicles belonging to Ms. Moore and her husband. Ms. Moore alleges that a security guard told her that she could not use the public areas of the condominium project. There is no allegation that Ms. Moore or her husband were prevented from parking at the condominium or actually excluded from its common areas.

On April 23, 2010, an attorney for the AOAO appeared at a status conference in U.S. District Court in a case in which Ms. Moore was the plaintiff.

On June 16, 2010, the AOAO filed a motion for relief from the automatic stay to collect its claims and enforce its liens. The AOAO argued that the automatic stay should be lifted because Ms. Moore and her bankruptcy estate did not own the condominium unit. At a hearing on July 21, 2010, I denied the motion without prejudice on the basis that Ms. Moore had a possessory interest in the condominium unit which the automatic stay protected and that her alleged heirship of her mother might also bring the condominium unit into the estate. In order to provide adequate protection to the AOAO, I ordered Ms. Moore to pay all post-

U.S. Bankruptcy Court - Hawaii   #10-90154   Dkt # 131   Filed 02/16/12   Page 3 of 8

petition maintenance fees when due.  I made clear that the continuation of the cutoff of the garage door opener and cable television service could constitute automatic stay violations.  Ms. Moore says that, on or about July 30, 2010, the AOAO restored her access to the parking garage and her cable television service.

There are four motions before me.  At the hearing, Ms. Moore requested a continuance on the ground that she had retained counsel that day.  I will deny this request.  She has known, at least since the beginning of her bankruptcy case nearly two years ago, that she needs counsel, and has repeatedly represented that she was seeking an attorney to represent her.  I will not allow her delay in obtaining counsel deprive other parties of their right to an already overdue adjudication of Ms. Moore's claims.

<u>Motion to Disqualify AOAO's Counsel</u>.  Ms. Moore argues that she intends to call as a witness Michael Kozak, one of the AOAO's attorneys, and that he and his law firm should therefore be disqualified.

Rule 3.7 of the Hawaii Rules of Professional Conduct provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness" unless certain exceptions apply.

Ms. Moore has not established that Mr. Kozak is a "necessary" witness.  She has not identified exactly what facts she could elicit from him and from no

4

other witness.

Even if Mr. Kozak were a "necessary" witness, disqualification would still be inappropriate. Under rule 3.7, a lawyer-witness should not be disqualified if "disqualification of the lawyer would work substantial hardship on the client." This case is on the eve of trial; disqualification of Mr. Kozak would impose a substantial hardship on the AOAO because it would likely necessitate a continuance of the trial and would surely expose the AOAO to the additional expense of bringing a new attorney up to speed on the case.

Finally, even if Mr. Kozak were disqualified, his firm would not be. Haw. R. Prof. Conduct 3.7(b).

The motion to disqualify is DENIED.

<u>AOAO's Motion to Dismiss or for Summary Judgment</u>. The AOAO moves the court to dismiss the complaint or alternatively enter summary judgment in favor of the AOAO. The motion argues that only Ms. Moore's bankruptcy trustee has standing to assert claims for violation of the automatic stay and that the trustee is an indispensable party.

The AOAO points out that Ms. Moore failed to respond to its motion. Ms. Moore claims that she never received notice of the hearing on this motion. I reject this contention. The AOAO filed a notice of the hearing on its motion (docket no.

U.S. Bankruptcy Court - Hawaii   #10-90154   Dkt # 131   Filed 02/16/12   Page 5 of 8

123). Ms. Moore knew of the hearing date. She filed motions to shorten time for hearing two of her motions, and at about the same time the AOAO filed a motion to shorten time concerning its motion to dismiss. The court dealt with all three motions in a single docket entry (docket no. 122). Ms. Moore knew that her motions had been set; she must have also known that the AOAO's motion had been set.

I will nonetheless deny the motion. The automatic stay protects both the estate (see, e.g., sections 362(a)(2), (3), and (4)) and the debtor (see, e.g., sections 362(a)(1), (2), and (5)). Because the trustee is the sole representative of the estate, only the trustee can recover for violations of the automatic stay against the estate. The debtor has an independent right, however, to recover for violations of the automatic stay against her. This limits the damages that a debtor can recover (for example, the debtor cannot recover lost rental value of property belonging to the estate) but does not deprive the debtor of all claims.

The motion to dismiss or for summary judgment is therefore DENIED.

<u>Motion for Discovery Sanctions</u>. The parties agreed that Ms. Moore would sit for a deposition on January 13 and Mr. Moore would be deposed on January 16. Ms. Moore refused to complete her deposition and refused to produce her husband on January 16. She says she halted the deposition because she realized

6

that Mr. Kozak should be disqualified.

In addition, Ms. Moore apparently failed to produce all of the documents which the AOAO requested prior to the discovery cutoff on January 27, 2012.

A party may not unilaterally refuse to participate in discovery based on the party's view that opposing counsel should be disqualified. That is especially the case when, as here, that view is incorrect.

The motion for discovery sanctions is therefore GRANTED. Ms. Moore may not offer at trial the testimony of her husband or any requested document or thing that she failed to produce to the AOAO prior to January 27, 2012.

<u>Motion to Continue Trial</u>. Ms. Moore moves the court to continue the trial of this adversary proceeding for an unspecified period. She argues that the trial should be postponed because (1) the hard drive of her computer failed on or about January 13, 2012, depriving her of materials she needs for trial, (2) she has conflicting obligations in proceedings before the Ninth Circuit Court of Appeals and a California state court, and (3) she needs additional time to complete discovery. I reject each of these arguments.

Ms. Moore has no one to blame but herself for her computer problem. She failed to maintain appropriate backups. Ms. Moore's failings do not justify depriving the AOAO of its right to a prompt determination of this adversary

7

U.S. Bankruptcy Court - Hawaii   #10-90154   Dkt # 131   Filed 02/16/12   Page 7 of 8

proceeding.

Her scheduling conflicts are equally unpersuasive. The trial date in this case was set over seven months ago. She has no one but herself to blame for her failure to begin work on her appellate papers in time to permit her to carry out her responsibilities in this case. The conflict with the California state court case is nonexistent; the plaintiff's motion for relief from stay will not be heard until March 7, 2012, and that case cannot proceed in the meantime.

Any delays in the completion of discovery must also be laid at Ms. Moore's doorstep. The discovery cutoff has passed and she has not attempted to compel the AOAO to provide the discovery which she alleges is missing.

The motion to continue the trial is therefore DENIED.

/s/ *Robert J. Faris*
United States Bankruptcy Judge
Dated: 02/16/2012

8