# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>TERESA J. MOORE,<br><br>      Debtor. | Case No. 10-00771<br>Chapter 7 |
| TERESA J. MOORE,<br><br>      Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF THE WINDSOR, et al,<br><br>      Defendants. | Adv. Pro. No. 10-90154<br><br><br><br>Re: Docket No. 141 |

# MEMORANDUM OF DECISION REGARDING DEFENDANT'S MOTION TO DISMISS

In this adversary proceeding, plaintiff Teresa J. Moore seeks damages from defendant The Association of Apartment Owners of the Windsor (the "AOAO") for alleged violations of the automatic stay. Trial commenced on February 27, 2012. After Ms. Moore rested, the AOAO orally moved the court to dismiss the adversary proceeding, arguing that Ms. Moore did not prove all of the elements of

her case. I conclude that the plaintiff failed to prove her claim for damages, and that the case should therefore be dismissed.

## FACTS

The following findings of fact are based upon the evidence presented by Ms. Moore.

Ms. Moore and her husband live (at least part time) in a condominium unit at the Windsor. Ms. Moore's mother, Pacita Herschelman, owned the condominium.

Ms. Herschelman died on January 21, 2009. Ms. Moore commenced a probate proceeding for her mother's estate on March 19, 2009. She contends that she is entitled to receive a one-half interest in the property from the probate estate, but that distribution has not yet occurred.

The AOAO alleges that the common area fees for the condominium were not paid. On or about December 18, 2009, the AOAO disconnected the garage door opener and cable television service for the unit which Ms. Moore and her husband occupied. Because Ms. Moore obtained internet access and telephone service through her cable connection, the AOAO's action also cut off those services. Ms. Moore then named the AOAO as a defendant in a pending suit in the United States District Court which Ms. Moore had brought against some of her

U.S. Bankruptcy Court - Hawaii   #10-90154   Dkt # 144   Filed  03/13/12   Page 2 of 13

mortgage lenders.  The District Court dismissed that case on March 15, 2010, holding that Ms. Moore lacked standing.

On March 18, 2010, Ms. Moore filed a bankruptcy petition in this court.

On March 20, 2010, the clerk of court mailed notice of Ms. Moore's bankruptcy to the AOAO at the address which Ms. Moore provided.

Also on March 20, 2010, the AOAO mailed to Ms. Moore a notice of nonjudicial foreclosure on the condominium unit.  On April 4, 2010, the AOAO personally served Ms. Moore with the foreclosure notice.  The AOAO later retracted that notice and never conducted a foreclosure sale.

At about the same time, the AOAO placed parking violation notices on vehicles belonging to Ms. Moore and her husband.  Ms. Moore testified that a security guard told her that she could not use the public areas of the condominium project.  The AOAO never actually prevented Ms. Moore or her husband from parking at the condominium or excluded them from its common areas.  The disconnection of the garage door opener inconvenienced Ms. Moore and her husband because they could only enter the garage by following another authorized entrant, but they were always able to enter the garage eventually.

On April 23, 2010, an attorney for the AOAO appeared at a status conference in U.S. District Court in a case in which Ms. Moore was the plaintiff.

U.S. Bankruptcy Court - Hawaii   #10-90154   Dkt # 144   Filed  03/13/12   Page 3 of 13

The status conference was called to discuss the effect of Ms. Moore's bankruptcy filing on the district court case. After the status conference, Ms. Moore asked the attorney if the AOAO intended to conduct the foreclosure sale. The attorney responded that Ms. Moore had not fared well in court and that the AOAO would take its chances. The AOAO later informed Ms. Moore that it would not conduct the foreclosure sale until it received relief from the automatic stay, and the AOAO has not held a foreclosure sale.

On June 16, 2010, the AOAO filed a motion for relief from the automatic stay to collect its claims and enforce its liens. The AOAO argued that the automatic stay should be lifted because Ms. Moore and her bankruptcy estate did not own the condominium unit. At a hearing on July 21, 2010, I denied the motion without prejudice on the basis that Ms. Moore had a possessory interest in the condominium unit which the automatic stay protected and that her alleged heirship of her mother might also bring the condominium unit into the estate. In order to provide adequate protection to the AOAO, I ordered Ms. Moore to pay all post-petition maintenance fees when due. I stated that the continuation of the cutoff of the garage door opener and cable television service could constitute automatic stay violations. On or about July 30, 2010, the AOAO restored Ms. Moore's access to the parking garage and her cable television service.

4

Ms. Moore commenced this adversary proceeding on December 27, 2010, against, among others, the AOAO, seeking damages for alleged violations of the automatic stay.

**STANDARD**

The AOAO orally moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 52(c), made applicable by Fed. R. Bankr. P. 7052. This rule provides, in pertinent part:

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 52(c); see also EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 271-72 (3rd Cir. 2010) (finding rule 52(c) allows a court to "grant judgment [on motion by either party or] sua sponte at any time during a bench trial, so long as the party against whom judgment is to be rendered has been 'fully heard' with respect to an issue essential to that party's case."). The court may dismiss the case when a party fails to demonstrate the elements of its claims in fact or in law. Stone v. Millstein, 804 F.2d 1434, 1437 (9th Cir. 1986) (citing prior Fed. R. Civ. P. 41(b)).

5

U.S. Bankruptcy Court - Hawaii   #10-90154   Dkt # 144   Filed 03/13/12   Page 5 of 13

Ms. Moore has rested her case. She has been "fully heard" on all of the elements of her case.

In deciding whether to dismiss a case or claim under rule 52(c), the court weighs the evidence and resolves the case based on the preponderance of the evidence. The court is not required to draw any inferences in favor of the non-moving party. Ritchie v. U.S., 451 F.3d 1019, 1023 (9th Cir. 2006).

## DISCUSSION

### Did the AOAO Violate the Automatic Stay?

The filing of a petition for bankruptcy relief automatically stays "any act to . . . enforce any lien against property of the estate," 11 U.S.C. § 362(a)(4), and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

Ms. Moore proved a prima facie case that the AOAO violated the automatic stay by giving notice of foreclosure after her bankruptcy filing and by continuing to deprive her of the garage door opener and cable television access. Although Ms. Moore did not have title to the property on the petition date (and still does not have title), she claims a one-half interest in the property through inheritance from her deceased mother, Ms. Herschelman, and she had a possessory interest by virtue of her physical occupancy of the premises. Those interests are property of

6

the estate and are protected by the automatic stay.  See In re Williams, 323 B.R. 691, 699 (B.A.P. 9th Cir. 2005).

### **Were the AOAO's Violations Willful?**

If a creditor "willfully" violates the automatic stay, an individual debtor "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."  11 U.S.C. § 362(k)(1).  The debtor bears the burden of proving that the creditor's actions were willful.  Eskanos & Adler, P .C. v. Roman (In re Roman), 283 B.R. 1, 7–8 (B.A.P. 9th Cir. 2002).  To be "willful", the creditor must know of the automatic stay, and its actions that violate the stay must be intentional.  Ozenne v. Bendon (In re Ozenne), 337 B.R. 214, 220 (B.A.P. 9th Cir. 2006) (citing  In re Peralta, 317 B.R. 381, 389 (B.A.P. 9th Cir. 2004)).

Ms. Moore has established her prima facie case that the AOAO willfully violated the stay.  The clerk mailed notice of Ms. Moore's bankruptcy case to the AOAO on March 20, 2010.  The AOAO probably did not know of the bankruptcy filing when it mailed the foreclosure notice to Ms. Moore on that same day, but it presumably had notice of the bankruptcy when it personally served the foreclosure notice on her two weeks later, on April 4, 2010.  At the very latest, the AOAO knew of the bankruptcy before the District Court held a status conference on April

7

23, 2010. The AOAO knew of the bankruptcy when it personally served the foreclosure notice and continued to restrict Ms. Moore's access to the parking garage and her cable service.

## Did Ms. Moore Prove Damages?

Ms. Moore bears the burden of proving, by a preponderance of the evidence, that she suffered damages as a result of the stay violations. Dawson v. Washington Mut. Bank, F.A. (In re Dawson), 390 F.3d 1139, 1149 (9th Cir. 2004); Goichman v. Bloom (In re Bloom), 875 F.2d 224, 227–28 (9th Cir. 1989). A debtor must support a claim for actual damages with reasonable certainty; a claim cannot be speculative or based upon conjecture. See In re Heghmann, 316 B.R. 395, 405 (B.A.P. 1st Cir. 2004) ("[A]ctual damages should be awarded only if there is concrete evidence supporting the award of a definite amount.").

Ms. Moore has not carried her burden of proving that the AOAO's conduct caused her to suffer any quantifiable damages.

### *Mr. Moore's Litigation Support Work*

Ms. Moore claims that, because of the AOAO's stay violations, her husband had to spend all of his time assisting her with litigation rather than working full time. Ms. Moore failed to substantiate this claim.

First, an unrepresented party is not entitled to claim damages for time spent

8

U.S. Bankruptcy Court - Hawaii   #10-90154   Dkt # 144   Filed 03/13/12   Page 8 of 13

on the litigation, because this would be the equivalent of awarding an attorneys' fee to a nonattorney. Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987).

Second, Ms. Moore's testimony makes clear that her husband works on all of her litigation, and there are many such cases. There is no basis to hold the AOAO responsible for the time which Mr. Moore is spending on Ms. Moore's other litigation, and Ms. Moore failed to offer any evidence of the amount of his work that is attributable to the AOAO's conduct.

Finally, Ms. Moore's estimate of the value of her husband's services ($150 per hour) is without foundation and not credible.

## *The "Domino Theory"*

Ms. Moore claims that, because the AOAO violated the automatic stay, she could not rent out the condominium while she was not using it, and as a result of the loss of income, her chapter 13 plan was not confirmed, her case was converted to chapter 7, and her other assets are in jeopardy. This is an apparent effort to evade the court's ruling that Ms. Moore cannot recover lost rental income, because the condominium, and therefore any income it might have generated, belonged to her bankruptcy estate, and not to her. In any event, the evidence does not support this "domino theory."

First, she did not establish with any certainty that the AOAO's stay

9

violations prevented her from renting the unit. She testified that unidentified prospective tenants decided not to rent from her when they learned about the foreclosure. The AOAO was not, however, the only party seeking to foreclose on the unit; so was the mortgagee. There is no proof that the AOAO's actions dissuaded any potential tenant from dealing with her.

Second, she offered no credible evidence that she could have confirmed a chapter 13 plan but for the AOAO's stay violations. To the contrary, her chapter 13 case was highly contentious and her plan suffered from numerous defects.

Third, even assuming that she could have funded her chapter 13 plan with the rental income from a condominium which she didn't own, she did not establish when the unit would have been available for rent (since she lived in the unit part time) or what rental she would have received had she rented it.

### *Reputational Losses*

Ms. Moore claims that the AOAO's actions tarnished her reputation and diminished her business income. Specifically, Ms. Moore testified that prospective clients declined to hire her after the clients conducted internet searches and learned of her involvement in legal proceedings.

Ms. Moore did not, however, provide any concrete evidence to establish that her alleged loss of reputation and income is specifically attributable to the

U.S. Bankruptcy Court - Hawaii   #10-90154   Dkt # 144   Filed 03/13/12   Page 10 of 13

AOAO's conduct. Prospective clients would have found many other cases to which Ms. Moore is a party, such as Ms. Moore's numerous bankruptcy filings[1] and foreclosure proceedings in multiple states.

Further, Ms. Moore acknowledged that her business income fluctuated significantly. Her testimony did not account for other factors which may have affected her business during the relevant time period.

Finally, her testimony did not establish with any degree of certainty that she lost any quantifiable amount of income. Her claim is pure speculation. There is no plausible evidence that the AOAO's actions caused her to suffer any ascertainable loss of business income.

### *Emotional Distress*

Ms. Moore claimed that she suffered emotional distress due to the AOAO's violations. To recover damages for emotional distress, Ms. Moore must: (1) demonstrate that she suffered significant harm, (2) clearly establish the significant harm, and (3) demonstrate a causal connection between that significant harm and the violation of the automatic stay. In re Dawson, 390 F.3d at 1149.

I excluded most of Ms. Moore's evidence on emotional distress because she

---

[1]Ms. Moore testified that she could not recall how many times she had filed for bankruptcy protection.

11

failed to provide discovery, unilaterally and unjustifiably terminated her own deposition, refused to produce her husband for a deposition, and failed to provide her trial exhibits and witness list to the AOAO. The evidence which she offered at trial was insufficient.

Ms. Moore testified that, during the period of the AOAO's violations, she suffered weight gain, headaches, loss of hair, lack of sleep, and fears of eviction. Ms. Moore's testimony also showed, however, that she faced severe stress from sources having nothing to do with the AOAO: her mother had recently died, her father's health was precarious, and she was engaged in significant litigation, including suits she filed against many of her lenders and the AOAO, an unsuccessful bankruptcy she filed as personal representative of her mother's estate, and her own chapter 13 case. She failed to carry her burden of proving that the AOAO's stay violations, apart from the stress she already faced from other sources, caused her to suffer a quantifiable amount of emotional harm.

*Punitive Damages*

Punitive damages are only awarded "in appropriate circumstances." 11 U.S.C. § 362(k)(1). Punitive damages for violation of the automatic stay are limited to situations where a creditor engaged in "egregious, intentional misconduct." McHenry v. Key Bank (In re McHenry), 179 B.R. 165, 168 (B.A.P.

9th Cir. 1995); see also In re Bloom, 875 F.2d at 224 (9th Cir. 1989) (observing that the court has "traditionally been reluctant to grant punitive damages absent some showing of reckless or callous disregard for the law or rights of others."). Ms. Moore failed to prove that the AOAO's conduct was so egregious as to warrant punitive damages.

Because Ms. Moore has not proven any damages as a result of the stay violations, the AOAO's motion must be granted. Counsel for the AOAO shall present a judgment providing for the dismissal of this adversary proceeding with prejudice.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: **03/13/2012**

U.S. Bankruptcy Court - Hawaii   #10-90154   Dkt # 144   Filed 03/13/12   Page 13 of 13